**Appeal No. 22-13632**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

VINITHA R. ROBINSON

**Plaintiff-Appellant**

v.

HABERSHAM COUNTY and PHILLIP SUTTON, in his
individual and official capacities,

**Defendants-Appellees**

**NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION
(CASE NO. 2:20-cv-108-SCJ)**

**APPELLANT'S OPENING BRIEF**

Submitted by:

Vinitha R. Robinson, Pro Se
224 Colony Way, Apt. 1A
Cornelia, GA 30531
(706) 244-1314
vinired3@gmail.com

USCA11 Case: 22-13632    Document: 20    Date Filed: 10/11/2023    Page: 2 of 35

**Appeal No. 22-13632**

**VINITHA R. ROBINSON V. HABERSHAM COUNTY and
PHILLIP SUTTON** in his individual and official capacities,

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT**

In compliance with FRAP 26.1 and 28(a), and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Appellant certifies that the following persons and entities, listed in alphabetical order, have an interest in the outcome of this appeal:

1. Habersham County, **Defendant/Appellee**

2. Ken Robin, **Attorney for Appellee**

3. Honorable Steve C. Jones, **U.S. District Court Judge**

4. Phillip Sutton, **Defendant/Appellee**

5. Vinitha R. Robinson, **Plaintiff/Appellant**

C1

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant Vinitha Robinson believes that the Court would benefit from hearing counsel explain certain details due to the factual complexity of this case.  However, due to the absence of trained legal representation for the Plaintiff, Oral Arguments are not requested at this time. Appellant believes the Court can resolve this appeal without oral arguments.  Therefore, Oral Arguments are not requested unless it is the decision of the court that oral arguments be presented.

Appellant seeks a review of the District Court Judge's Recommendation and Judgment dismissing Ms. Robinson's race discrimination and retaliation claims and a reversal of the decision to grant summary judgement.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS…..…………………………………..C1

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS ................................................................................. iii

TABLE OF AUTHORITIES…..…………………………………………………iv

JURISDICTIONAL STATEMENT………………………………………………..1

STATEMENT OF THE ISSUES……..………………………………………..…..2

STATEMENT OF THE CASE ........................................................................ 2

SUMMARY OF THE ARGUMENT ................................................................ 8

ARGUMENT……………………………………………………………...…….9

I.  The District Court erred in Determining That Plaintiff Was Not Similarly Situated to all other EXEC-1 Directors.
   A. The District Court erred in Determining That Plaintiff Was Not Similarly Situated to Cain.
   B. The District Court erred in Determining That Plaintiff Was Not Similarly Situated to Canupp.
   C. The District Court erred in Determining That Plaintiff Was Not Similarly Situated to Other Non-Exec 1 Employees whose positions had been reclassified.

II.  Court erred in its opinion that no reasonable jury could find that Sutton's reasons for denying Plaintiff's request were pretextual.

III.  Magistrate Judge Fuller erred in Recommending Summary Judgment.

CONCLUSION………………………………………………………………..29

CERTIFICATE OF COMPLIANCE………………………………………………30

CERTIFICATE OF SERVICE…………………………………………………31

## TABLE OF AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ....................................................36

*Brown v. Illinois Dep't of Natural Resources*, 499 F.3d 675, 682 (7th Cir. 2007)

*Bryant v. Aiken Reg. Med. Ctr.*, 333 F.3d 536, 546 (4th Cir. 2003) ......................10

*Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99........................................................36

*Dunlevy v. Langfelder,* No. 21-3098 (7th Cir. 2022) ............................................13

*Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189 (11th Cir.2007) ................................... 7

*Inc. v. U.S. Indus., Inc.,* 736 F.2d 656, 657 (11th Cir.1984) ................................... 7

*Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338 (11th Cir. 2013) ................... 7

*Lewis v. Union City, Ga.*, 918 F.3d 1213 (11th Cir. 2019) ……….…………………10

*Wiley v. Glassman*, 511 F.3d 151, 156 (D.C. Cir. 2007........................................36

**Statutes**

28 U.S.C. § 1291……………………….……………………………………...……1

U.S.C. § 1331 and 1343 (3)....................................................................…...1

42 U.S.C. § 1981 through 42 U.S.C. § 1983 ...........................................................1

VII, 42 U.S.C. § 2000e *et seq.*,................................................................3,8,13,35

Equal Protection Clause of the Fourteenth Amendment Title VII….…………1,4,35

**Rules**

FRAP4(a)(1)(A)............................................................................…….C1

FRAP 26.1, 28(a) ...........................................................................C1

iv

## JURISDICTIONAL STATEMENT

**A. District Court's Jurisdiction-**

The district court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343(3) because it involved questions of federal law and civil rights.  Plaintiff's suit against the defendants was based upon 42 U.S.C. § 1981 and 1983. United States law requires that those who deprive any person of rights and privileges protected by the Constitution of the United States provided by state law be liable in action at law, suit in equity, or other appropriate measures.

**B. Court of Appeal's Jurisdiction-**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because the judgment below is a final judgment of the United States District Court.

**C. Timeliness of Appeal**

Final Judgment was entered on September 23, 2022.   Robinson filed a timely Notice of Appeal on October 21, 2022, within thirty (30) days of the final order. Therefore, this is a timely appeal pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

**D. Final Judgment**

This appeal is from a final judgment that disposes of all parties' claims.

## STATEMENT OF THE ISSUES

I.  Did the District Court Judge err in determining that Plaintiff was not similarly situated to all other EXEC-1 Directors?

II. Did the District Court Judge err in determining that Plaintiff was not similarly situated to Cain?

III. Did the District Court Judge err in determining that Plaintiff was not similarly situated to Canupp?

IV.      Did the District Court Judge err in determining that Plaintiff was not similarly situated to other non-Exec 1 Employees whose positions had been reclassified?

V.  Did the District Court Judge err in its opinion that no reasonable jury could find that Sutton's reasons for denying Plaintiff's request were pretextual?

VI.      Did the Magistrate Judge err in recommending summary judgment as a matter of law in favor of the Defendants?

## STATEMENT OF THE CASE

### I.      Procedural History and Dispositions in The District Court

Appellant Vinitha Robinson ("Plaintiff" or "Robinson") filed a Complaint on May 4, 2020, asserting claims of racial discrimination against Defendants Habersham County, Georgia ("Habersham" or "County") and Phillip Sutton ("Defendant" or "Sutton), the County Manager, under Title VII, 42 U.S.C. § 2000e

2

*et seq.*, 42 U.S.C. § 1981 through 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment. On June 30, 2020, Defendants filed a Motion to Dismiss, Motion to Stay Proceedings and Supporting Memorandum of Law. On July 1, 2020, the Motion to Stay discovery was granted. Plaintiff filed an Amended Complaint on July 24, 2020. In the second amendment, Plaintiff added retaliation claims against Sutton. On December 21, 2021, Defendants Habersham County and Phillip Sutton filed a motion for Summary Judgment.

On July 26, 2022, the lower court rendered its Final Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted. On 9/23/2022, the district court adopted the Report and Recommendation and granted the Defendant's Motion for Summary Judgment.

## II.   Statement of Facts

Appellant Vinitha Robinson was hired by the Defendant as the Human Resources Director on May 16, 2016. The HR Director is responsible for directing and overseeing the human resource function of the county government including such duties as developing, implementing and administering standard operating procedures and personnel policies, administering compensation and benefits programs, administering the performance management system, maintaining the county's compensation plan, investigating all grievances, recommending disciplinary actions, preparing job advertisements, recruiting and screening applicants, interviewing and

3

selecting candidates, orienting employees, preparing the annual department budget, and supervising the maintenance of all personnel records in both hard-copy and electronic formats.

The job description posted at the time Ms. Robinson was hired failed to mention the administration and processing of payroll which was a significant role typically handled by the finance department.

On September 8, 2016, the County received the results and recommendation of the newly created Classification & Compensation Plan ("Plan") for the county. The Plan develops a new classification and compensation for all departments covered under the county's personnel plan.

In July 2016, the County approved contract renewals for four employees and approved an increase of 7% for contract renewals for Phillip Sutton, County Manager; Derick Canupp, Public Works Director; Jeff Cain, Fire Chief; and Crystal Ward, County Clerk. These positions were considered similarly situated as they all received pay increase. However, the County Manager and County Clerk were not placed in the EXEC-1 category with other Directors. The County renewed Ms. Robinson's contract in May 2017, May 2018, and May 2019. The County did not approve a pay increase for the contract renewals for Ms. Robinson.

Gradually for the next 3 years, Mr. Sutton began internal restructuring and shifted additional responsibilities to the Robinson as the HR Director. These responsibilities

included implementing Time Clock Plus, processing and distributing annual tax reporting forms, monitoring claims trends and activities of the County's self-insured medical plan, ensuring proper tracking, reporting, and processing of all retirement plan participants, responding to open records requests involving staffing and employee records.

Over the next three years, the Defendant, Phillip Sutton, approved pay increases for employees who were assigned additional duties. The County approved additional duties for the following employees: Jeff Cain, W/M, Jim Chambers W/M, Sharon Roach W/F, Barbara Overton, W/F, Heather Cobb W/F, Heather Cobb W/F, Andrew Stevenson W/M, Hannah Wilbanks W/F, Kiani Holden W/F, Kristen Witherow W/F, Jonathan Garrett W/M, Wayne Higgins W/M, Jeff Adams W/M, Tammy Carter W/F, Mandy Green W/F, Terri Lewis W/F, Kelly O'Mary W/F, 3 Battalion Chiefs all W/M. The County increased the annual pay for these 20 employees by a minimum of 10%. Performance was not considered when granting these increases.

On May 16, 2019 Sutton and Robinson held a performance review meeting in which she was given an above average overall score for performance.

On July 1, 2019, Robinson requested her position to be re-evaluated based on additional duties assigned. Sutton denied the request for an additional 10% pay increase. No reason was provided to Robinson for the denial. On July 2, 2019, Robinson emailed Sutton at his request a spreadsheet of all EXEC-1 Directors so that

5

he could make a pay comparison. This list contained 10 employees who were designated as EXEC-1 Directors. Robinson advised Sutton of the following: 1) The second paragraph of the July 2 email states: to continue our discussion regarding the method used for the classification and compensation study of all Department Director positions; I am presenting the following, which I believe at this point should be reviewed to ensure we have an equitable compensation structure between the pay for directors. 2) The fourth paragraph of the July 2 email states, "pay was matched with titles and not job duties. No consideration was given to bring equity between the executive staff based on other compensable factors such as complexity of work, scope of responsibility, or minimum requirements."

On July 5, 2019, Robinson sent Commission Chairman Stacy Hall a 13-page letter complaining about harassment, discrimination and Sutton's creation of a hostile work environment. Robinson informs Chairman Hall that her request for reclassification was denied with no reason given. Robinson informs Chairman Hall that her request for a 10% increase was denied, and no valid reason was given. Robinson's letter states, "this is not the first time I have reported these unfair working conditions to a member of the board of commissioners.

After being told that Chairman Hall would not take any action, Ms. Robinson filed and EEOC charge on 7/18/2019. Sutton and Habersham County were notified around 8/1/2019 of the EEOC Charge. Phillip Sutton began a long-running campaign

to retaliate against Robinson for participation in this protected activity. Sutton began heavily scrutinizing and fabricating performance issues, which ultimately led to the denial of future merit pay increases. Sutton's many allegations against Robinson resumed in August of 2019 immediately after he was made aware of the EEOC Charge file by Robinson.

On July 24, 2020, Robinson amended the Original Complaint to include retaliation after receiving a performance evaluation from Sutton indicating that her performance with below average. Ms. Robinson also filed a second EEOC Charge of Retaliation on 09/22/2020. The Notice of Right To Sue was issued by EEOC on May 27, 2022.

## III.    Standard of Review

This Court reviews a district court's order granting a motion to dismiss *de novo*. *Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1343–44 (11th Cir. 2013). The Court "must accept the facts as set forth in the plaintiff's complaint as true, and it's consideration is limited to those facts contained in the pleadings and attached exhibits." *Id.* (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir.2007)).

## SUMMARY OF THE ARGUMENT

Appellant Vinitha Robinson presented substantial facts supporting claims of discrimination under Title VII and § 1981. The evidence provided in the spreadsheet presented to Sutton on July 2, 2019, was reviewed and her salary was compared by Defendant to other Directors. This review clearly demonstrated that Robinson, as a Human Resources Director was regarded as being similarly situated as other EXEC-1 Directors even by the Defendant himself. The County's Classification and Compensation Study results also placed the HR Director in the category with other similar Director positions. The results of the study included Robinson EXEC-1 category with other Directors and pay methodology was increased in a similar fashion. The Court erred in applying requirements that were too strict for the facts of this case.

Reclassifications were made when employees were assigned additional duties. This was a part of the County's Compensation Policy. Robinson was denied the equal protection of having her position reclassified as other employees. Robinson has provided evidence that she experience disparate treatment as result of Sutton's failure to provide Equal Protection and Benefits. By determining that Robinson was not similarly situated to other EXEC-1 Directors, Cain, Canupp and Non-Exec employees who were given additional duties is an error by matter of

law.

The Magistrate Judge's opinion that no reasonable jury could find that Sutton's reasons for denying Plaintiff's request were pretextual is wrong. Robinson asked the Court to review the evidence provided in the deposition and recognize the contradictions in Sutton's deposition. It would be evident that a pattern of discrimination existed when Sutton found other employees willing to make allegations and Sutton held those allegations as true over and above Robinson's rebuttals, if permitted.

As a result of these legal errors, the decision of the District Court should be reversed.

## ARGUMENT

This Court's review is *de novo*. See 28 U.S.C. 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

**I. The Magistrate Court erred in Determining That Plaintiff Was Not Similarly Situated to all other EXEC-1 Directors.**

> **Therefore, no reasonable jury could conclude that Plaintiff was similarly situated to all of the other EXEC-1 Directors in July 2019 for purposes of her prima facie case of discrimination."**

Not all federal courts require a plaintiff in an employment discrimination case to identify a similarly situated employee. See *Bryant v. Aiken Reg. Med. Ctr.*, 333

9

F.3d 536, 546 (4th Cir. 2003).

Although appellant offered evidence of 'similarly situated' employees in support of her claim, See *Wiley v. Glassman*, 511 F.3d 151, 156 (D.C. Cir. 2007) she was not required to offer such evidence in order to make out a prima facie case.

Whether or not Ms. Robinson is similarly situated to the other EXEC-1 employees should be determined case-by-case. See Lewis v. Union City, Ga., 918 F.3d 1213 (11th Cir. 2019). The factors the Magistrate Judge used to determine Ms. Robinson is *not* similarly situated to the other EXEC-1s are simply wrong for the facts of this case.

The Magistrate Judge's requirement is too strict for the facts of this case. The Magistrate Judge requires Ms. Robinson to point to a situation where an EXEC-1 goes directly to Mr. Sutton and asks for their salary to be increased. Ms. Robinson is the only employee allowed to go directly to Mr. Sutton and ask for a salary increase. Ms. Robinson is in a class of one. There is no other Human Resource Director at Habersham County. All other EXEC-1s must use a process involving Ms. Robinson to increase their or a subordinate's salary.

Ms. Robinson is the Human Resource Director; no other EXEC-1 has the same job duties and responsibilities identical to Ms. Robinson. Ms. Robinson is the only EXEC-1 responsible for approving and presenting any requests for salary increases to Mr. Sutton. If an EXEC-1 wants their salary adjusted, the request is given to Ms. Robinson for approval. The proposal is not given to Mr. Sutton unless Ms. Robinson

10

approves the request per County policy.

If an EXEC-1 wants their subordinate to have a salary increase, Director would give the request to Robinson (HR Director) for approval. The proposal is not given to Sutton unless Robinson approves the request. According to the Policy, there should never be a time when an EXEC-1 provides a salary increase to Sutton (County Manager) without first involving Robinson (HR Director).

Robinson is similarly situated to other EXEC-1s because the *same process* is used for every salary increase request. First, all salary increase request comes from an EXEC-1. It makes no difference if the request is for an exempt or nonexempt employee; the request must come from an EXEC-1. Secondly, all requests for salary increases must be approved by Robinson. Thirdly, no request is given to Sutton unless Robinson approves the request. Finally, the board approved the request.

The EXEC-1s has presented *24* salary increase requests to the Human Resource Department. Robinson is similarly situated to each one of those requests. Ms. Robinson is similarly situated to each of those EXEC-1's requests because the same process is used. It makes no difference that Robinson is asking that her salary be increased. Robinson is the EXEC-1 for her department. No other person can present a request for a salary increase on Robinson's behalf. The Magistrate Judge placed too much weight on Robinson, asking for her salary to be increased and not a subordinate in her department. The same process is used for EXEC-1 and NON-EXEC-1

11

employees.

### a.  The Magistrate Court erred in Determining That Plaintiff Was Not Similarly Situated to Cain.

Robinson's response to the Defendants' statement of facts proves that her job duties and responsibilities changed just like Mr. Cain. Robinson incorporated her response to Sutton's statement of material facts in her brief. Robinson is asking the Court to make a de novo determination of her duties. Ms. Robinson is similarly situated in all material respects to Mr. Cain.

### b.  The Magistrate Court erred in Determining That Plaintiff Was Not Similarly Situated to Canupp.

Robinson's response to the Defendants' statement of facts proves that her job duties and responsibilities changed just like Mr. Cain. Robinson incorporated her response to Sutton's statement of material facts in her brief. Robinson is asking the Court to make a de novo determination of her duties. Ms. Robinson is similarly situated in all material respects to Mr. Canupp.

### c.  The Magistrate Court erred in Determining That Plaintiff Was Not Similarly Situated to all other Non-Exec 1 Employees whose positions had been reclassified.

A key element of any prima facie race discrimination claim based on disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII") is evidence that one or more "similarly situated" employees outside of the plaintiff's protected class were treated more favorably than the plaintiff.  On October 26, 2022, in its decision in

13

*Dunlevy v. Langfelder*, No. 21-3098 (7th Cir. 2022), the Court of Appeals for the Seventh Circuit emphasized that this "similarly situated" element does not require an exact match between a plaintiff's circumstances and a comparator employee's circumstances in order for a plaintiff to adequately plead a prima facie discrimination claim, and employers cannot rely on unduly specific comparisons between employees in order to defeat such claims.

The evidence in the record is undisputed that employees were given a pay increase simply because of a change of job duties after April 17, 2017. Ms. Robinson cited Ms. Mandy L. Green, who was given a 10% pay increase on July 1, 2019. Ms. Robinson cited the change of status form in her brief. There is no evidence in the record supporting the argument that a ten-point factor system was used to give Ms. Green a 10% raise on *July 1, 2019*. Robinson and Sutton approved Ms. Green's pay increase because of additional duties on July 1, 2019. The change of status form doesn't mention any ten-point factor system. No other sheet of paper shows that a ten-point factor system was used.

Robinson testified that employees could be given an increase simply because of additional job duties. A reasonable jury could hold that Ms. Green was given a 10% pay increase on July 1, 2019, because of additional duties.  On July 21, 2017, Ms. Barbara Overton was given a 10% merit increase. The reason for the rise says, "Position was re-evaluated due to department restructuring, additional

responsibilities for financial analysis and supervisory duties." <u>See</u> (Doc. 77) (Doc. 87). Ms. Robinson and Mr. Sutton signed and approved the pay increase. The change of status form doesn't say the ten-point factor was used on August 21, 2017. There is no additional document showing how a ten-point factor system was used. <u>See</u> (Doc. 77). The change of status form

supports Ms. Robinson's testimony that employees can be given a pay increase because of additional duties. A reasonable jury could hold that Ms. Overton was given a 10% merit increase on July 21, 2017, because of additional duties.

When an employee is given a merit increase in 2016 because of the Carl study, ***it's written on the change of status form***. Mr. Andrew Stevenson's change of status form says he was given an increase on November 30, 2016, because of the Carl study.

Ms. Kristen E. Witherow was given a pay increase using the Carl study. The ten-point system was attached to her change of status form.

A total of 24 employees were given a merit increase simply because of additional duties. There is no evidence supporting the Defendants' argument that

these 24 employees were given a pay increase using the ten-point Carl Study system.

Neither the Magistrate Judge nor the Defendants can explain why these change of status forms don't have a sheet attached like Ms. Witherow showing the Carl Study was used for these employees. A reasonable jury can conclude that the 24 employees were given a merit increase without using the ten-point factor system because there

15

is no sheet attached for the 24 employees.

Because of additional duties, Ms. Hannah Wilbanks was given a 10% merit increase on October 30, 2017. Robinson and Sutton signed and approved the increase because of additional duties.

In 2019, Robinson and Sutton didn't have to use the same ten-factors system designed by the Vinson Institute in 2015. The Policy gives Robinson the authority to devise a new methodology. The Policy states:

> "The Human Resources Director may use or approve any job-related selection methods that will maximize reliability and objectivity. The selection procedures shall measure or sample job behaviors or knowledge, skills and representative work samples, rating of training, education, and/or experience. The Human Resources Director may also utilize tests which fairly examine the ability and fitness of all applicants to perform efficiently the duties of the position to be filled." (Exhibit 4 P. 22) (Yellow Highlights) (Doc. 86-9 p. 17).

II.    **Court erred in its opinion that no reasonable jury could find that Sutton's reasons for denying Plaintiff's request were pretextual.**

Ms. Robinson asked the Court to strike Mr. Sutton's declaration from the record because it contradicted his deposition testimony without any explanation. Sutton contradicted his testimony several times to try to defend his reason for denying the pay request after not giving a reason for the denial.

### 1. The budget didn't motivate Mr. Sutton to deny Ms. Robinson's reclassification and pay increase request.

On July 1, 2019, Ms. Robinson asked Mr. Sutton to reclassify her position and give her a 10% pay increase. The main question, in this case, is what motivated Mr.

Sutton to deny the reclassification and 10% pay request on July 1, 2019. Mr. Sutton argues he denied Ms. Robinson's request for reclassification and a 10% raise because of the budget. A reasonable jury can conclude racial animus motivated Mr. Sutton because the letter to the EEOC doesn't mention the budget. Mr. Sutton's testimony contradicts the letter to the EEOC.

Mr. Sutton admits the County's position statement to the EEOC doesn't say Ms. Robinson's request was denied because of the budget Mr. Sutton says he doesn't believe it was important for the County to explain to the EEOC that Ms. Robinson's request was denied because there wasn't a budget Mr. Sutton's testimony is unworthy of credence. If the budget motivated Mr. Sutton to deny the request, why wouldn't it be essential to tell the EEOC? It wouldn't be necessary to tell the EEOC because the budget didn't motivate Mr. Sutton to deny the request.

Mr. Sutton admits it was irrelevant that Ms. Robinson did not submit her request in November because he had no intentions of having an assistant county manager. A reasonable jury can conclude racial animus motivated Mr. Sutton because the Policy doesn't require Ms. Robinson to submit her request in November. The Policy allows Ms. Robinson to set policies in her department if the guidelines don't contradict the County's written Policy.

Sutton admits the County's Policy does not require Robinson to ask for her position to be reclassified in November. Sutton admits the County ordinance does

not require Ms. Robinson to ask for her reclassification in November. Mr. Sutton admits the public works director was reclassified to a senior public works director in December 2020.

Mr. Sutton has taken another request for reclassification to the board during May because finance director Heidi Hook asked him to make the request. Ms. Mandy L Green's Department Director requested that her job position be reclassified on July 11, 2019. Mr. Sutton signed and approved a change of status form for Mandy L. Green.  The approval was done the same month and year Sutton denied Robinson's request.

> Other employees had their jobs reclassified outside November. Sutton's argument that Ms. Robinson's request must be made in November is unworthy of credence. A reasonable jury can conclude racial animus motivated Sutton because he didn't have an honest good faith belief the budget couldn't cover the pay increase. Sutton admits he did not review any finance reports when he decided not to honor Robinson's request for reclassification. Sutton didn't know the budget on July 1, 2019.

Sutton admits he didn't know what Robinson's department budget was when he denied her request for reclassification.

Sutton admits he focuses on the budget from a global countywide standpoint. He expects the department director to monitor expenses daily in their department. Sutton admits there could have been enough budget to cover Robinson's request for a 10% pay increase; however, he denied Robinson's request, although the budget could have covered the request. Sutton is not sure if he ever said anything to the

board of commissioners concerning not having enough budget to fulfill Ms. Robinson's request for a 10% pay increase. A reasonable jury can conclude the budget didn't motivate Mr. Sutton.

### 2. Sutton didn't have an honest good faith belief Robinson's job responsibilities and duties as Human Resource Director didn't change.

Sutton argues he didn't approve Robinson's request for reclassification and a 10% pay increase because Robinson's duties and responsibilities hadn't changed. A reasonable jury can conclude Sutton didn't have an honest good faith belief Robinson's duties hadn't changed. A reasonable jury can reach this conclusion because Sutton is the person who gave Robinson the additional duties and responsibilities.

At her deposition, Ms. Robinson had an opportunity to review her original and amended complaint filed in federal court. Ms. Robinson agreed with the facts stated in the original complaint. Robinson's amended complaint states Sutton gave her 17 additional duties that were not considered under the compensation plan in 2016, or the duties were performed by other employees in 2016 when the study was done.

In his answer, Sutton denied every paragraph related to the duties he assigned to Robinson. However, Sutton and the County have not submitted any affidavits from other employees stating they performed the work listed in Robinson's amended

19

complaint. A reasonable jury can conclude Sutton knew Robinson's job duties changed because he gave her the additional job duties. A reasonable jury can believe Ms. Robinson's testimony because Mr. Sutton and the County have failed to present affidavits from other employees stating they performed the tasks listed in Ms. Robinson's amended complaint.

### 3. Over the past three years, Ms. Robinson's job performance didn't motivate Mr. Sutton to deny her reclassification and pay increase request.

Robinson argues racial animus motivated Mr. Sutton in July of 2019. A reasonable jury can conclude racial animus motivated Sutton because the County's position statement to the EEOC contradicts Sutton's deposition.

The County submitted a 14-page letter to the EEOC. The 14-page letter explains to the EEOC the reasons why Robinson's request for reclassification and 10% pay increase was denied. The letter to the EEOC list alleged misconduct by Robinson, which supposedly explains why her request was denied. The same alleged misconduct was listed in response to interrogatories 2, 3, 4, 5, 39, 40, 41, and 42.

Sutton agrees the misconduct listed after July 1, 2019, did not motivate him to deny Robinson's request. Sutton admits the alleged allegations could not have motivated him because they didn't happen until after Robinson's request.

Mr. Sutton admits the alleged misconduct. Robinson made in 2016 and 2017

did not motivate him to deny her request for reclassification and a 10% pay increase in July of 2019.

The alleged misconduct listed in the letter to the EEOC is the same misconduct listed in response to interrogatory # 2.  Mr. Sutton admits none of these alleged misconducts motivated him to deny Robinson's request for reclassification and a 10% pay increase in July of 2019.

The alleged misconduct listed in the letter to the EEOC is also listed in response to interrogatory # 3. Mr. Sutton admits none of the alleged misconduct motivated him to deny Ms. Robinson's request for reclassification and a 10% pay increase.

The alleged misconduct listed in the letter to the EEOC is also listed in response to interrogatory # 4. Mr. Sutton admits none of the alleged misconduct motivated him to deny Ms. Robinson's request for reclassification and a 10% pay increase.

The alleged misconduct listed in the letter to the EEOC is also listed in response to interrogatory # 5. Mr. Sutton admits none of the alleged misconduct motivated him to deny Ms. Robinson's request for reclassification and a 10% pay increase.

The alleged misconduct listed in the letter to the EEOC is also listed in response to interrogatory # 41. Mr. Sutton admits none of the alleged misconduct motivated him to deny Ms. Robinson's request for reclassification and a 10% pay increase.

If the Court notice, Sutton doesn't cite his deposition to explain why he denied Robinson's request. Sutton doesn't mention his testimony because his deposition contradicts the EEOC letter and declaration. In his declaration, Mr. Sutton lists four reasons why he denied the request. He talks about alleged misconduct in 2017. However, at his deposition, Mr. Sutton makes the following statement, "No, I did not specifically deny the request because of something occurred in 2017." Sutton testifies further, "I don't know that at that day and time that I considered any specific mistakes from two years earlier."

A district court may disregard an affidavit as a sham when a party to the suit files an affidavit that contradicts, without explanation, prior deposition testimony on a material fact. The Court should apply the sham affidavit doctrine to Sutton's declaration. Sutton doesn't attempt to explain why his declaration contradicts his deposition See Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir.1984).

A reasonable jury can conclude that Sutton didn't have an honest good faith belief that Ms. Robinson's performance for the last three years was poor. On May 28, 2019, Mr. Sutton gave Ms. Robinson her annual performance review. The review covers May 28, 2018, through May 28, 2019. On May 28h, 2019, Mr. Sutton could have used the form to terminate Ms. Robinson. On May 28, 2019, Mr. Sutton could have used the form to demote Ms. Robinson. Mr. Sutton keeps records detailing how well the Directors working for the County performs throughout the

year.

Mr. Sutton kept records on Ms. Robinson's work performance between May 28, 2018, and May 28, 2019. Mr. Sutton reviewed his notes on Ms. Robinson's work performance before signing the performance review on May 28, 2019. (Sutton Dep. 195:16-19). Mr. Sutton thought about Ms. Robinson's work performance since the first day she's been in the position (2016) up until May 28, 2019, before signing the performance evaluation.

After thinking about Ms. Robinson's work performance between 2016 through May 28, 2019, Mr. Sutton gave her a merit increase of 3.5%.

The performance evaluation form has the following ranking: Performance criteria are defined by· 1 -- Unacceptable•· 2 -- Marginally Meets·. 3 -- Fully Meets·• 4 -- Superior·. 5 – Exemplary. For customer service, Mr. Sutton gave Ms. Robinson a ranking of 4 for superior. For organizational commitment, Mr. Sutton gave Ms. Robinson a ranking of 4 for superior.

 For communication, Mr. Sutton gave Ms. Robinson a ranking of 3 for fully meets. For job responsibility policy development and administration, Mr. Sutton gave Ms. Robinson a ranking of 3 for "fully meets."  For job responsibility recruitment and selection, Mr. Sutton gave Ms. Robinson a ranking of 4 for "superior." For job responsibility employee relations, Mr. Sutton gave Ms. Robinson a ranking of 4 for "superior." For job responsibility employee benefits and workers

23

compensation, Mr. Sutton gave Ms. Robinson a ranking of 3 for "fully meets." (Exhibit 7 p. 4). For the job responsibility classification and compensation plan, Mr. Sutton gave Ms. Robinson a ranking of 3 for "fully meets." (Exhibit 7 p. 4). For job responsibility HR Financial Reporting, Mr. Sutton gave Ms. Robinson a ranking of 4 for "superior." (Exhibit 7 p. 5). For job responsibility Training and Development, Mr. Sutton gave Ms.

Robinson a ranking of 3 for "fully meets." (Exhibit 7 p. 5). In the section entitled Areas of Strengths, Mr. Sutton wrote the following: Demonstrate extensive knowledge and expertise in the areas of Human Resources Management, Local Government Operations, employment laws, and federal, state, and local laws. Proven track record of producing accurate payrolls and financial reports to assist with the budget process. Established Credibility for possessing strong leadership skills collaborating with directors, elected officials, and constitutional officers.

On May 23, 2018, Mr. Sutton gave Ms. Robinson her annual performance review. The review covers May 23, 2017, through May 23, 2018.

A reasonable jury can conclude Mr. Sutton didn't deny Ms. Robinson's request because of her job performance. A reasonable jury can conclude that racial animus motived Mr. Sutton's decision because the job evaluations Mr. Sutton gave Ms. Robinson show she was doing well for the past two years prior to the EEOC Charge.

24

**4. Sutton's concern that Ms. Robinson's reclassification would give the perception of her having supervisory authority over the other County Department Directors is motivated by racial animus.**

Sutton argues he denied Robinson's request because it would "possibly create the perception of her being given additional management duties and responsibilities such as having supervisory authority over the other County Department Directors."

Sutton failed to state any facts that would give any reasonable person such perception. Furthermore, Sutton didn't list this as a reason why he denied Ms. Robinson's request at his deposition. A reasonable jury can conclude Mr. Sutton is making up excuses that didn't motivate him on July 1, 2019.

Mr. Sutton's argument is motivated by racial animus. There is nothing written in the job description submitted by Ms. Robinson that would give a reasonable person in the exercise of impartial judgment the perception Ms. Robinson had **<u>new</u>** supervisory authority over other Department Directors.

Mr. Sutton's fear of an African American Director having supervisory authority over other Directors is motivated by racism, not facts. The County Policy clearly states each Department Director has authority to establish policies in their own department.

The only time a Department Director must get approval from Robinson is when a position needs reclassification. The County Policy says the Directors must submit the request to the Human Resource Department.  Robinson's supervisory authority over Directors is granted to her by the County Policy, not Mr. Sutton.

25

Ms. Robinson requested to be reclassified because Mr. Sutton and her shared the same duties not shared by other Directors. Mr. Sutton was given a copy of the job description created by Ms. Robinson. There are 17 duties listed under the major duties of the job description. The duties were labeled one through seventeen at Mr. Sutton's deposition.

Mr. Sutton admits he has performed some of the duties listed in the job description while working for the County. Mr. Sutton says he has performed duties listed as 1,2,3,4,5,8,10,11,12,13,14,15 and 16 in the job description presented by Ms. Robinson.

Mr. Sutton admits he is involved in some way in all seventeen of the job duties listed in the job description except number six. Mr. Sutton says he could spend at least five hours per week doing some of the job duties in the job description; however, it varies during the year.

Sutton says no other employee does all seventeen of the duties listed in the job description besides Ms. Robinson. Mr. Sutton admits no other director does the first ten duties besides Ms. Robinson. Mr. Sutton admits no other director does the first fifteen duties besides Ms. Robinson. Mr. Sutton's testimony proves Ms. Robinson's request for reclassification is reasonable. There was no nondiscriminatory reason to deny the request for reclassification.

Mr. Sutton's argument that no assistant county manager position existed is

26

without merit. The Policy states, "the appointment of a current employee to a new position, for which a vacancy is not created by reclassifying the incumbent, may be authorized by the County Manager. Reclassifications may or may not be associated with an increase in pay and are not considered promotions. A reasonable jury can conclude Mr. Sutton's fear of Ms. Robinson having supervisor authority over other Directors is motivated by racial animus.

**III.    Magistrate Judge Fuller erred in Recommending Summary Judgment.**

Ms. Robinson's amended complaint meets the requirement of notice pleading. The pleadings are designed to play a limited role in federal court. The Supreme Court explained the Policy underlying "notice pleading" in the landmark case of Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80, 9 Fair Empl. Prac. Cas. (BNA) 439, 41 L.R.R.M. (BNA) 2089, 1 Empl. Prac. Dec. (CCH) P 9656, 33 Lab. Cas. (CCH) P 71077 (1957).

The purpose of pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Notice pleading deliberately eschews the technicalities of common law pleading. Rather, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. at 48. Defendants cannot reasonably argue Ms. Robinson's

amended complaint doesn't meet the *facial plausibility* requirement established in

Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court should sustain Ms. Robinson's

objection.

Ms. Robinson's amended complaint meets the requirement of notice

pleading. The pleadings are designed to play a limited role in federal court. The

Supreme Court explained the Policy underlying "notice pleading" in the landmark

case of Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80, 9 Fair Empl.

Prac. Cas. (BNA) 439, 41 L.R.R.M. (BNA) 2089, 1 Empl. Prac. Dec. (CCH) P 9656,

33 Lab. Cas. (CCH) P 71077 (1957).

The purpose of pleading is to "give the defendant fair notice of what

the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Notice

pleading deliberately eschews the technicalities of common law pleading.

Rather, "[t]he Federal Rules reject the approach that pleading is a game of

skill in which one misstep by counsel may be decisive to the outcome and

accept the principle that the purpose of pleading is to facilitate a proper

decision on the merits." Id. at 48.

Defendants cannot reasonably argue Ms. Robinson's amended complaint

doesn't meet the *facial plausibility* requirement established in Ashcroft v. Iqbal,

556 U.S. 662 (2009). The Court should sustain Ms. Robinson's objection.

---

## <u>CONCLUSION</u>

There are genuine issues of material fact for the reasons stated above, and the

Court should reverse the order granting summary judgment.

Respectfully submitted this Wednesday, October 11, 2023.

s/ Vinitha R. Robinson

**VINITHA R. ROBINSON, PRO SE**
224 Colony Way, Apt. 1A
Cornelia, GA 30531
Phone: (706) 244-1314
vinired3@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Eleventh Circuit Rule 28-2(d), the type size and style utilized in this brief are:

1. Type Size: 14 Characters per inch; and

2. Type Style: Times New Roman.

Respectfully submitted this Wednesday, October 11, 2023.

s/Vinitha R Robinson

**VINITHA R. ROBINSON, PRO SE**
224 Colony Way, Apt. 1A
Cornelia, GA 30531
Phone: (706) 244-1314
vinired3@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was served upon all

parties of record by placing a copy in the United States mail, first-class postage

prepaid.

KEN ROBIN
Jarrard & Davis, LLP
222 Webb Street
Cumming, Georgia 30040
Phone (678) 455-7150
Fax (678) 455-7149


Respectfully submitted this Wednesday, October 11, 2023.

s/ Vinitha R. Robinson
**VINITHA R. ROBINSON, PRO SE**
224 Colony Way, Apt. 1A
Cornelia, GA 30531
Phone: (706) 244-1314
vinired3@gmail.com

31